IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL W. CLEARY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 17-cv-02252-JMC |
| FAGER'S ISLAND, LTD, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \*

## **MEMORANDUM**

This matter was referred to me for all proceedings by Judge Russell, (ECF No. 96), and the parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4 (D. Md. 2018). (ECF Nos. 98, 99). Relevant to instant issue, Defendant moved in limine to preclude Plaintiff from introducing evidence of prior incidents or lawsuits, (ECF No. 60), which Plaintiff opposed. (ECF No. 63). Defendant filed a Reply. (ECF No. 66). On August 6, 2020, this Court granted Defendant's Motion in Limine excluding, *inter alia*, evidence of prior accidents or lawsuits. (ECF No. 100). On August 12, 2020, Plaintiff filed the currently pending Motion for Reconsideration. (ECF No. 102). Defendant filed an Opposition. (ECF No. 103). Plaintiff did not file a reply, and the time to do so has now passed. *See* Loc. R. 105.2. The issues are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the reasons more fully explained below, Plaintiff's Motion for Reconsideration is DENIED.

I.   BACKGROUND

The Court reiterates the context for the underlying motion in limine as established in its original ruling:

> According to Plaintiff, in June of 2013, two female patrons of Fager's [Island] shuttle service were ejected from a golf cart "at the same turn under similar circumstances." (ECF No. 63 at 4). Specifically, a Fager's employee picked up two women, Jessica Bobrow and Heather McAllister, near Coastal Highway to drive them to Fager's bar at the end of 60th street. *Id.* Plaintiff argues "[a]s the

driver made a sharp left turn, at an excessive speed for the conditions, the women were ejected to the right of the cart onto the pavement, suffering significant injuries, including a jaw fracture and head injuries." *Id.* In 2014, Jessica Bobrow filed suit against Fager's Island in the Circuit Court for Worcester County Maryland. *Id.*

(ECF No. 100 at 12).

## Plaintiff's Motion for Reconsideration

Plaintiff argues that the Court has "subjected Plaintiff to a higher test than required for the admissibility of prior incidents to establish notice of a dangerous condition." (ECF No. 102-1 at 1). Relying on *Benedi v. McNeil-P.P.C., Inc.*, 66 F.3d 1378 (4th Cir. 1995), Plaintiff contends that, to offer evidence of prior incidents to prove notice, he must only demonstrate that the prior incident is "*sufficiently* similar to make the defendant aware of the dangerous condition."[1] (ECF No. 102-1 at 1) (quoting *Benedi*, 66 F.3d at 1386) (emphasis in original). The test of sufficient similarity, Plaintiff suggests, is satisfied because the prior incident and the instant incident both involved (1) "[t]he same 90 degree turn"; (2) "[t]he same open-sided golf cart with maximum speed capacity of approximately 17 mph"; and (3) "[p]assengers [being] ejected to the right from the same lateral or slide-off forces as the golf cart operators turned left at approximately 90 degrees into defendant's parking lot." (ECF 102-1 at 1–2) (footnotes omitted). Plaintiff recognizes that to introduce evidence of prior incidents to prove *negligence* requires a factual foundation that the prior accident is substantially—*i.e.*, more than sufficiently—similar to the instant accident.

## Defendant's Opposition

Defendants counter that the litigation surrounding the prior incident did not result in factual findings. (ECF No. 103 at 2). Therefore, the circumstances of the prior incident—"the degree of the turn, the circumstances in which the passenger was ejected, the speed at which the golf cart was traveling, whether the passenger was inebriated or influenced by alcohol or what the passenger was doing or was not doing at the time of the turn or what the cause of the ejection"—were not determined, and incident is not now admissible as evidence to show that the turn in question is "unreasonably dangerous." *Id.*

---

[1] *Benedi* uses the language dangerous "situation," not "condition." 66 F.3d at 1386.

II.  LEGAL RULE

Relevant evidence is generally admissible. *Smith v. Baltimore City Police Dep't*, 840 F.3d 193, 201 (4th Cir. 2016); Fed. R. Evid. 402. "Evidence is relevant if 'it has any tendency to make a fact more or less probable than it would be without the evidence,' and 'the fact is of consequence in determining the action.'" *Id.* (quoting Fed. R. Evid. 401(a)–(b)). However, relevance is not a talisman for admissibility. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Plaintiff invokes the general rule regarding evidence of prior accidents stated in *Cumberland v. Turney*: such evidence, "when admissible, is generally admissible for the following purposes only: (1) To show the existence of a defective or dangerous condition or appliance and the dangerous character of the place of injury or of the machine or the appliance, and (2) to show the defendant's notice or knowledge thereof." 177 Md. 297, 318 (1939) (quoting 20 Am.Jur. § 304). Maryland law is clear, however, that "in negligence cases . . . evidence of prior acts of alleged negligence are substantially prejudicial in nature, and is only admissible for limited purposes, similar in nature to those circumstances recognized in [Maryland] Rule 5–404(b)." *Lai v. Sagle*, 373 Md. 306, 319–20 (2003) (citations omitted).

Plaintiff also relies on the test set out in *Benedi*. 66 F.3d 1378. In that case, as it pertains here, the plaintiff sued the manufacturer of Extra-Strength Tylenol for "negligent failure to warn of the possible dangers of mixing Tylenol with alcohol." 66 F.3d at 1381. At trial, the district court admitted into evidence case reports, known as "Drug Experience Reports," over the defendant's objection that "the cases reported were not similar to [the plaintiff's] case," and therefore, were not admissible to prove notice. *Id.* at 1385. The Fourth Circuit determined that the district court did not err, noting that "[w]hen prior incidents are admitted to prove notice, the required similarity of the prior incidents to the case at hand is more relaxed than when prior incidents are admitted to prove negligence. The incidents need only be sufficiently similar to make the defendant aware of the dangerous situation." *Id.* at 1386.

III.   ANALYSIS

The prior accident evidence Plaintiff seeks to admit must pass through a two-step inquiry. First, the Court must determine Plaintiff's purpose for offering such evidence. Clearly, here, Plaintiff offers evidence of the prior accident to demonstrate that Defendants were on "notice of a dangerous condition." (ECF No. 102-1 at 1). But, simply because the Court *may* admit evidence of a prior accident to prove notice does not mean the Court *must* do so.

Second, the Court must consider the relevance and probative value, if any, of the evidence against the dangers enumerated in FRE 403. This balancing test is where Plaintiff's argument must fail. As a starting point, the evidence of the prior accident is only marginally relevant. To be sure, the prior accident occurred at the same location and in the same type of golf cart. However, additional details of the prior accident were not sufficiently determined because the case settled. Many of the facts needed to make such a prior accident relevant, and probative, to the matter at hand, were not established. In the Court's view, there are an infinite number of variables affecting the similarity between the prior accident and the instant case. The following facts are not clearly evident from the prior accident: (1) golf cart driver's identity; (2) the golf cart driver's training, if any; (3) the speed the golf cart was travelling; (4) the degree of the turn taken by the golf cart driver causing the passengers to fall from the golf cart; (5) external factors and weather conditions; (6) the time of day; (7) the effects of alcohol on the passengers. Each small change in circumstance between the prior accident and the instant accident reduces the relevance of the evidence. In this regard, evidence of this prior accident is unlike other cases where the circumstances surrounding a prior accident remain more static—*i.e.*, a rollercoaster accident, where the machine ostensibly follows the same exact course at the same speed with each iteration. Given the breadth of these unsettled facts, this Court cannot say that the prior accident is even "sufficiently similar" to prove notice. The "more relaxed" standard under *Benedi* is still insurmountable for Plaintiff in this case.

To the extent that this evidence is relevant, this Court determines that the minimal probative value of the prior accident evidence is substantially outweighed by a danger of unfair prejudice,

4

confusing the issues, misleading the jury, and wasting time.[2] *See* Fed. R. Evid. 403. Such evidence will almost certainly induce the jury to decide based on an improper basis. Plaintiff urges that a limiting instruction will adequately cabin the jury's consideration of this evidence for notice purposes. (ECF No. 102-1 at 3). However, given the above discussion, admitting this evidence will necessarily involve a "mini trial" of the details of the prior accident which, in the Court's view, will confuse the issues, mislead the jury and waste time. A limiting instruction is not a workable remedy in this instance.

For these reasons, Plaintiff's Motion for Reconsideration (ECF No. 102) is DENIED. An implementation Order shall issue.

Dated: September 10, 2020           /s/
                                    J. Mark Coulson
                                    United States Magistrate Judge

---

[2] The Court disagrees with Plaintiff's attempt to distinguish *Smith v. Hercules Co.*, 204 Md. 379 (1954) and *Salisbury Coca-Cola Co. v. Lowe*, 176 Md. 230 (1939). That the evidence in those cases was offered to prove negligence instead of notice is immaterial to the points made in the Court's original ruling.